

F I L E
DEC 16 2015
SEVENTH COURT OF APPEALS
VIVIAN LONG, CLERK

Richard James Johnson
TDCJ-ID#1005689
James V. Allred unit
2101 FM 369 North
IOWA PARK, TX 76367

12-8-15

Clerk
Court of Appeals
Seventh District of Texas
501 S. Fillmore, Suite 2-A
Amarillo, TX 79101-2449

RE: Case Number: 07-15-00332-cv
   Trial Court Case Number: 101022-D

Style: Richard James Johnson V. Michael Venable

Dear Clerk:

The following is the Appellants brief a copy of which is also Mailed to the Appellees at:

Harold J. Liller
Heather Rhea
OFFICE OF ATTORNEY GENERAL
P.O. Box 12548 CAPITAL STATION
AUSTIN, TX 78711-

FILED

DEC 16 2015

SEVENTH COURT OF
~~...~~

| | | |
|---|---|---|
| RICHARD JAMES JOHNSON, | § | COURT OF APPEALS |
| APPELLANT, PRO SE, | § | SEVENTH DISTRICT |
| | § | |
| VS. | § | OF |
| | § | |
| MICHAEL VENABLE, ET AL, | § | TEXAS |
| APPELLEES. | § | POTTER COUNTY |

## APPELLANT'S BRIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW RICHARD JAMES JOHNSON, APPELLANT, PRO SE, AND FILES THIS HIS "APPELLANT'S BRIEF," AND LISTS THE FOLLOWING HEREIN IN SUPPORT THEREOF:

### I.
### IDENTITY OF PARTIES

1. RICHARD JAMES JOHNSON, 1005689
   JAMES V. AllRED UNIT TDCJ-CID
   2101 FM 369 NORTH
   IOWA PARK, TX 76367
   APPELLANT PRO SEE,

1

MICHAEL VENABLE, SGT.
MARTHA M. MAES. SGT.
D. OWENS, COS
J. DRAPER, COS
F. MARTINEZ, CO4
CAPT,, DEAN,
P. MITCHELL, CO3.
NATHANIAL STUDER, CO4
1- RICHARD ROE <NAME UNKNOWN> UNIT GRIEVANCE COORDINATOR,
2- RICHARD ROE <NAME UNKNOWN> UNIT GRIEVANCE INVESTIGATOR,
3- RICHARD ROE <NAME UNKNOW> IN CHARGE OF LEVELING, PHD-OVERFLOW
   AND FOOD LOAF,

   W. P. CLEMENTS UNIT - TDCJ-CID
   9601 SPUR 591
   AMARILLO,TX 79107
   APPELLEES

HAROLD J. LILLER
HEATHER RHEA
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 12548 - CAPITAL STATION,
AUSTIN, TX 78711
ATTORNEYS FOR APPELLEES

# II.
## TABLE OF CONTENTS

IDENTITY OF PARTIES     PAGE 01

TABLE OF CONTENTS     PAGE 03

INDEX OF AUTHORITIES     PAGE 04

STATEMENT OF THE CASE     PAGE 05

ISSUES PRESENTED     PAGE 06

STATEMENT OF THE FACTS     PAGE 07

SUMMARY OF ARGUMENT     PAGE 08

ARGUMENT     PAGE 09

CERTIFICATE OF SERVICE     PAGE 15

COPY OF JUDGMENT APPEALED FROM     PAGE 16

# III.
## INDEX OF AUTHORITIES

Aguilar V. Stone, 68 S.W. 3d 1. 1-2 (Tx.App.-Hous. (1st.Dist) 1997) — Pages 12.13.14-

Boulden V. Boulden, 133 S.W. 3d 884 — Pages 12.13.14-

Campbell V. Henman. 931 F. 2d 1214-75 (7th Cir. 1991) — Pages 12.13.14-

Culpeper V. Pearlstreet Bldg.. Inc. 877 F. 2d 877. 882 — Pages 12.13.14-

Denton V. Hernandez. 504 U.S. 25.33. 112 S.Ct. 1728. 118 L.Ed 2d 340 (1992). — Pages 12.13.14-

Fogle V. Pierson. 435 F.3d 1252 — Pages 12.13.14-

Hains V. Kerner. 404.519.520. 92. S.Ct. 595. 30 L.Ed 2d 652 (1972). — Pages 12.13.14

Hamilton V. Williams. 298 SW 3d 334.341. (Tx. Ft. Worth 2009). — Pages 12.13.14 -

Hill V. Stephens. No. 14-09-01030-cv-2010-Tx App. 9987 — Pages 12.13.14-

Hudson V. Palmer. — Pages 13.14

Hydrick V. Hunter. 449 F.3d 978 (9th Cir. 2006) — Pages 13.14-

Gill V. Boyd Distribution Ctr. 64 SW 3d 601.603 (Tx. App.-Texarkanna 2001) — Pages 12.13-

Garrett V. Borden. 202 SW. 3d 463 (2006) — Pages 13.14-

Lagerstrom V. Kingston. 463 F.3d 621 (7th Cir. 2006) — Pages 12.-

Malichi V. Thaler. 211 F.3d 765. 767-68 (5th Cir. 1997) — Pages 12.13.

Martin V. Scott. 156 F.3d 578.580 (5th Cir. 1998) — Pages 12.13.

Mason V. Wood. — Pages 13.

Minix V. Gonzales. 162 SW 3d 635.638 (Tx.App. 2005) — Page 11

Morgan V. Dretke. 433 F.3d 455 (5th Cir. 2005) — Pages 13.14-

Morris V. Powell. 449 F.3d 682 (5th Cir. 2006) — Pages 13.14-

Neitzke V. Williams. 490 U.S. 319.327. 109 S.Ct. 1827. 104 L.Ed. 2d 338 (1989) — Pages 13.14-

Picardo V. Kinker. 73 F.3d 612.613 (5th Cir. 1996) — Pages 13.14-

Piggie V. Cotton. 344 F.3d 674. (7th Cir. 2003) — Pages 13.14-

Presido V. Sheffield. 230 SW 3d 272 (Tx.App. 2005) — Page 11

Retzlaff V. Texas Department of Criminal Justice. 94 SW 3d 650-653 (Tx.App. 2002) — Pages 13.14-

McDonald V. Steward, 132 F.3d 225.231. (5th Cir. 1998) — Pages 13.14-

Beaumont V. Basham, 205 SW 3d 608.618 (Tx.App. 2006) — Pages 13.14-

Sandin V. Conner. 515 U.S. 478 (1995) — Pages 13.14-

Valdes V. Crosby. 450 F.3d 1231 — Pages 13.14-

VTAC CIVIL PRC & REM. CODE ANN. §§ Rule 166 a (c) (d) (e) (f) (g) (h) — Pages 9.10

VTAC Civ.Prc & Rem. Code Ann §§ 134.001 - 006 — Pages 13.14-

VTAC. Civ. Prc. & Rem. Code Ann §§ 5.001 — Pages 13.14-

Young V. Kann. 929 F.2d 1396.1403 (3d Cir. 1991) — Pages 13.14-

## IV.
### STATEMEN OF THE CASE

On November 20, 2012, Appellant filed his orginal petition asserting numerous due process, violations, retaliation, and theft claims against 11 TDCJ correctional officers and staff members in their individual capacities.

On December 7, 2012 Appellant's causes of action were dismissed under chapter 14 of the Texas Civil Practice and Remedies Code.

Appellant filed notice of Appeal on Januaury 10, 2013 and the 7th District Court of Appeals reversed and remanded the Trial Court's dismissal order on May 31, 2013

On August 16, 2013, Plaintiff/Appellant's case was transfered from the 108th Judicial District to the 320th Judicial District Court.

On November 15, 2013 Appellant's causes of action were again dismissed under Chapter 14 of the Texas Civil Practice and Remedies codes.

Again Appellant filed notice of Appeal.

On December 12, 2014 the 7th District Court of Appeals reversed and remanded Trial Court's dismissal order.

On August 12, 2015 Trial Court again dismissed Appellant's causes of action under Summary Judgment.

Appellant files this new appeal from that order.

# V.

## ISSUES PRESENTED

1. Trial Court abused it's descretion. When the Judge made the following statements at the hearing: "It doesn't make any difference what I believe." Reporter's Records page 24 lines 24-25 "It doesn't make any difference." Reporter's Records. page 25 line 2.
The Judge was saying that he wasn't at the hearing to make any Judgements.
The Judge declared that he was incapible of rendering an oppinion.

2. Trial Court abused it's descretion by Suppressing testimony and Violating Due Process.
Judge Suppressed testimony at Reporter's Records. page 25 line 9.10.11
Stating: "THERE WONT BE ANY TESTIMONY TAKEN."

3. Trial Court abused it's descretion by Violating VTAC CIVIL PRACTICE & REMEDIES CODE § 166 a (F)

4. Trial Court abused it's descretion by ignoring ruling of Appellate Court.

5. Trial Court abused it's descretion by Violating VTAC CIVIL PRAC. & REM. CODE § 166 a (c). (D).(E)(I).

6. Trial court abused it's descretion by Violating VTAC CIV. PRAC. & REM. CODE § 166 a (A)(B) requiring that the defend present facts. proof. evidence. to obtain Summary Judgment.

# VI.
## STATEMENT OF FACTS

On November 20, 2012 Appellant fild his original petition for Tort Claim and Violations of the Theft liability act In the 108th Judicial District Court of Potter County Texas. under these rules and statutes:

VTAC. Civil Practice & Remedies Code Ann § 5.001

VTAC. Civil Practice & Remedies Code Ann § 86

VTAC. Civil Practice & Remedies Code Ann § 134.001-006.

Presiado V. Sheffield. 230 SW 3d 272 (Tx App. 2005)

Minix v. Gonzales. 162 SW 3d 635-638 (Tx. App. 2005)

Trial Court has denied Appedlant's Causes of action three times. Deffendants preport that the Theft Liability act does not apply to inmates Suing prison Gaurds. And that prison Gaurds are immune from suit under the Texas Theft Liability Act.

The Trial Court has agreed with this idea twice.

The Appellate Court has disaareed twice and reVersed the Trial Court's dismissal twice.

# VII.
## SUMMARY OF ARGUMENT

1. When asked about whether the Judge was finding favor with, or Judging in favor of the deffendant's argument that the Courts view and use the terms "Cell restriction," "Administrative segregation," and "Solitary Confinement" enter changably. (i.e. they are all the Same thing.)
   The Judge stated "It doesn't make any difference what I believe." "It doesn't make any difference."
   i.e. I'm not hear to make any Judgements, so what I think doesn't matter.
   Heretofore the Court claimed that it was incapible of rendering a a Legel oppinion. Abusing its descretion.
   Any case or law or Constitution governing holding of hearings were in the Judge is absent applies here.

2. Trial Court Suppressed testimony at a hearing were testimony was Saposed to be taken. Abusing it's descretion.

3. Trial Court abused It's descretion by violating VTAC CIVIL PRAC & REM. CODE §166 a (F).

4. Trial Court abused it's descretion by ignoring ruling of Appellate Court.

5. Trial Court abused it's descretion by violating VTAC CIVIL PRAC. & REM. CODE §166 a (C) (D) (E). (I).

6. Trial Court abused it's descretion by not requiring deffence to Show, Prove, or Present facts or evidence that the Courts believe and refer inter changably that Cell restriction, Solitary, Prehearing detention, and administrative Segregation are all the Same.

# VIII.
## ARGUMENT

1. Trial Judge abused his descretion by stating:

   "IT DOESN'T MAKE ANY DIFFERENCE WHAT I BELIEVE." Reporter's Records page 24 lines 24-25

   "IT DOESN'T MAKE ANY DIFFERENCE WHAT I BELIEVE." Reporter's Records page 25 line 2.
   So it doesn't make any difference if the Judge finds on behalf of the delfence or the plaintiff.
   It doesn't make any difference which way the Judge rules in the Summary Judgment.
   The Judge's possition here goes against VTAC CIVIL PRACTICE AND REMEDIES CODES § 166 a.
   Trial Judge indicated he had no intention on taking any possition.

2. According to **VTAC CIVIL PRACTICE & REMEDIES CODE § 166 a (f)**:

   "Form of Affidavits: <u>FURTHER TESTIMONY</u>. Supporting and oppossing affidavits shall be made on <u>PERSONAL KNOWLEDGE</u>. Shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated herein."

   Plaintiff attempted to obtain Personal Knowledge - And Further testimony from an expert witness - two Correction Gaurds.
   that would have corrabarated the Plaintiff's oppossition to the Summary Judgment.
   The Court therefore Abused It's descretion when it denied this motion Stating:

   "<u>THERE WONT BE ANY TESTIMONY TAKEN</u>." Reporter's Records page 25. lines 9.10.11.

   However, VTAC CIVIL PRACTICE & REMEDEIS CODE § 166 a (ii):
   "THE PLEADINGS. ADMISSIONS. AFFIDAVITS. STIPULATIONS OF THE PARTIES. AND AUTHENTICATED OR CERTIFIED PUBLIC RECGRDS. IF ANY. ONFILE AT THE TIME OF THE HEARING. OR FILED THEREAFTER AND BEFORE JUDGMENT WITH PERMISSION OF THE COURT. SHOW THAT. EXCEPT AS TO THE AMOUNT OF DAMAGES. THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT AND THE MOVING PARTY IS ENTITLED TO JUDGEMENT AS A MATTER OF LAW ON THE ISSUES EXPRESSLY SET OUT IN THE MOTION OR IN AN ANSWER OR ANY OTHER RESPONSE. ISSUES NOT EXPRESSLY PRESENTED TO THE TRIAL COURT BY WRITTEN MOTION. ANSWER OR OTHER RESPONSES SHALL NOT BE CONSIDERED ON APPEAL AS GROUNDS FOR REVERSAL. A SUMMARY JUDGMENT MAY BE BASED ON <u>UNCONTROVERTED TESTIMONIAL EVIDENCE OF AN EXPERT WITNESS AS TO SUBJECT MATTER CONCERNING WHICH THE TRIER OF FACT MUST BE GUIDED SOLELY BY THE OPINION TESTIMONY OF EXPERTS. IF THE EVIDENCE</u>

## IS CLEAR, POSITIVE AND DIRECT, OTHERWISE CREDIBLE AND FREE FROM CONTRADICTIONS AND COULD HAVE BEEN READILY CONTROVERTED.

The two Correctional Gaurds that the appellant refered to in Reporter's Records page 25 lines 3-4-5.

1) Were Expert Witnesses as to the Subject matter.

2) They Could have provided uncontroverted testimonial evidence.

3) They Could have provided Clear, and positive and direct, otherwise Credible and free from Contradictions and could have been readily Controverted.

4) The two Correctional Gaurds expert witnesses could have provided testimony as to wether or not Prehearing detention, Cell restriction, Solitary confinement and Administrative Segregation were infact Simular or the Same in any respect. A Prime area of Contention and disagreement between defense and plaintiff.

5) The two Expert witness both present could have provided testimony as to What a cell search requires officers to do and not to do as part of a Correctional Gaurd's Job description.
Again a Prime area of disagreement between opposing parties.

6) The two Expert witnesses could have provided testimony as to proper Confiscation policies. that gaurds are to follow according to TDC's.
Another area of Contention.

When the Court denied 'appellant the witnesses - According to the above

the Court abused its descretion.

3. By refusing to hear expert testimony the Court Violated VTAC CIVIL PRACTICE & REMEDIES CODE § 166 a (F).

4. Trial Court Abused it's descretion by ignoring ruling of appellate Court:
On page 316 of Court transcripts and or page 4 of the Memorandum Opinion from the Court of Appeals seventh District. the Appellate Court Ruled:

"AT THE HEARING ON THE MOTION TO DISMISS, THE SUBJECT OF THIS APPEAL, NO WITNESSES WERE CALLED AND NO EVIDENCE WAS ADMITTED.
COUNSEL FOR APPELLEES PRESENTED THE FOLLOWING ARGUMENT REGARDING THE THEFT LIABILITY ACT ALLEGATION. "The conduct that [appellees] engaged in was pursuant to the scope of their employment." WHICH IS A DEFENSE ACCORDING TO APPELLEES. HOWEVER, THIS WOULD REQUIRE THE TRIAL COURT TO MAKE A FACT FINDING AS TO WHETHER APPELLEES WERE ACTING WITHIN THE SCOPE OF THEIR EMPLOYMENT, AND.
THEREFORE, A FACTUAL HEARING WAS REQUIRED FOR IT TO DO SO. "

Here in the Reporter's Records page 11 Lines 9, 10, and 11, the defense again makes the Claim that their conduct was pursuant to the scope of their employment. Yet the court abusing it's descretion-ignored what the appellate court placed in it's ruling.

Appellant Objected here : Reporter's Records page 12 lines 19, 20, 21, 22, and 23. to the defense attempts to undermine and usurp the Appellate Court's ruling As well as the trial Court's ignoring it.

The trial Court deny the Appellant's request to have the two Correctional Gaurds Expert witnesses - testify - give testimony as to what the "Scope of their employment" actually Incompences, what all it Covers.

Accordingly both - Minix V. Gonzales, 162 S.W. 3d 635, 638 (Tex. App.-Houst. [14th Dist.] 2005) And Presiado V. Sheffield. 230 SW 3d 272 (Tex. App. 2005) State that "CORRECTIONAL OFFICERS IN THEIR INDIVIDUAL CAPACITIES DO NOT HAVE SOVEREIGN IMMUNITY FOR INTENTIONAL ACTS."

Trial Court's ruling in this case is Contrary to and in conflict with both of these well established Cases.

And the ruling from the Appellate Court.

Appellant tried to have court recognise the appellate Court's ruling here: Reporter's Records page 24 lines 17, 18 and 19.

The trial Court ignored this.

Appellant received notice of hearing on summery Judgment on the 29th of July. because appellant had transfered to two other units and could not notify court and deffendants in time.

The notice of the hearing was first sent to the W.P. Clements unit in Amarillo. Then a few days later to the Robertson unit in Abileen. Then finally reaching the appellant on his new unit J.V. Allred. in Wichita Falls-Iowa Park.

On July 29. which left appellant only five working days to prepare for the hearing the rest of the days appellant spent in transit heading to the hearing.

Appellant was blindsided by the hearing.

Appellant would not receive notifications from the court because of a clerical mishap- the clerks mailed some notifications to an inmate named R. WAYNE JOHNSON TDCJ-ID #282756.

See Transcripts Clerk's records page 341.

Appellant's objections at the summary Judgment hearing covers the following cases- At Reporter's Records page 12 lines 11-25

page 13 lines 1-25
page 14 lines 1-25
Page 15 lines 1-25
Page 16 lines 1-25
Page 17 lines 1-25
Page 18 lines 1-25
Page 19 lines 1-25
Page 20 lines 1-25

Page 21 lines 1-25
Page 22 lines 1-25
Page 23 lines 1-25
Page 24 lines 1-13
Page 24 lines 17-19
Page 24 lines 20-23
Page 27 lines 6-25
Page 28 lines 1-23

Aguilar V. Stone. 68 SW. 3d 1.1-2 (Tex.App.-Houst. (1st.Dist.) 1997)
Campbell V. Henman. 931 F.2d 12 14-75 (7th Cir. 1991)
Culpeper V. Pearlstreet BLDG., Inc. 877 F.2d 877. 882
Denton V. Hernandez. 504 US 25.33.112 S.Ct. 1728.118 L.Ed.2d 340 (1992)
Fogle V. Pierson. 435 F.3d 1252
Hamilton V. Williams. 298 SW 3d 334. 341 (TX.Ft.worth 2009)
Hill V. Stephens. No. 14-09-010 30-CV-2010-7x App. 9987
Gill V. Boyd Distribution Ctr. 64 SW 3d 601.603 (TX.App.Texarkana 2001)
Lagerstrom V. Kingston. 463 F.3d 621 (7th Cir. 2006)
Malichi V. Thaler. 211 F.3d 765.767-68 (5th Cir. 1997)

Hydrick V. Hunter. 449 F.3d 978 (9th Cir. 2006)
Garrett V. Borden. 202 SW.3d 463 (2006)
Martin V. Scott. 156 F.3d 578,580 (5th Cir. 1998)
Morgan V. Dretke. 433 F.3d 455 (5th Cir. 2005)
Morris v. Powell. 449 F.3d 682 (5th Cir. 2006)
Neitzke V. Williams. 490 US 319,327. 109 S.Ct. 1827. 104 L.Ed 2d 338 (1989)
Picardo V. Kinker. 73 F.3d 612. 613 (5th Cir. 1996)
Piggie v. Cotton. 344 F.3d 674 (7th Cir. 2003)
Retzlaff V. TDCJ. 94 S.W. 3d 650-653 (Tex. App. 2002)
McDonald V. Steward. 132 F.3d 225. 231. (5th Cir. 1998)
Beaumont V. Basham. 205 SW 3d 608. 618 (Tx. App. 2006)
Sandin V. Conner 515 US 478 (1995)
VTAC CIV. PRAC. & REM. CODE Ann § 5.001
VTAC CIV. RPAC. & REM. CODE Ann § 134.001-006
Young V. Kann. 929 F.2d 1396. 1403 (3d Cir. 1991)

There is not one case were the defense presented in it's Motion for Summary Judgment and brief - were the Courts refered to     Pre Hearing Detention.
Administrative Segregation,
Solitary Confinement and
Cell Restriction.

interchangably. NOT ONE. therefore the defense presented its Motion in bad faith.
Trial Court abused it's descretion for not requiring proof of the defenses statement about the Courts so refering to these interchangably.
According to the Rule 166 a(H) Motions and pleadings presented in bad faith is Cause to reverse A Court's Summary Judgment. when Affidavits are made in bad faith.

Due process rights violations.
Defense diliberately misconstrued these claims. Again.
Appellant Never Claimed he was placed in Administrative Segregation nor Pre hearing Detention. nor on Cell restriction.
Appellant Claims that he was Punished for an offense before being found guilty of that offense.
By being Placed in SOLITARY CONFINEMENT first.
The defense claims offenders have no due process rights.
Clearly the Counsel for the defense does not understand that SOLITARY CONFINEMENT IS A DISCIPLINARY ACTION.
According to LAGERSTROM V. KINGSTON. 463 F.3d 621 (7th Cir. 2006),
BEFORE any DISCIPLINARY ACTION IS TAKEN. The following Due Process requirements must be implimented..:

13

The Offender must receive ADVANCE WRITTEN NOTICE OF THE CHARGES, THE CHANCE TO PRESENT TESTIMONY AND DOCUMETARY EVIDENCE TO AN IMPARTIAL DECISION MAKER. AND A WRITTEN EXPLINATION SUPPORTED BY AT LEAST SOME EVIDENCE IN THE RECORD BEFORE ANY DISCIPLINARY ACTION IS TAKEN.

All of the above must be implimented "BEFORE" and offender is placed in SOLITARY CONFINEMENT. In the appellant's Case this did not occurre.

In the defendant's Motion - they brought up these Cases.

Hamilton V. Williams, 298 S.W. 3d 334. 341 (Tex. App. Ft. Worth 2009) which refers to Cell restriction ONLY. not SOLITARY CONFINEMENT.

CELL RESTRICTION-MEANS - THAT THE OFFENDER MAY ONLY LEAVE HIS CELL FOR FOOD SERVICE. VISITS, WORK. AND MEDICAL AND SCHOOL APPOINTMENTS. BUT RESTRICTED FROM RECREATION PRIVILEGES. THE OFFENDER RETAINS HIS PROPERTY.

Hill V. STEPHENS. No. 14-09-01030-CV-2010 TEX. APP. Lexis 9987. refers to Administrative Segregation- NOT SOLITARY CONFINEMENT.

ADMINISTRATIVE SEGREGATATION. IS not punative- Solitary IS.
PREHEARING DETENTION, IS NOT SOLITARY CONFINEMENT.

Sandin V. Conner. 515 US 472.478 (1995)
Malichi V. Thaler. 211 F.3d 765.767-68 (1997)
Pichardo V. Kinker. 73 F.3d 612.613 (5th Cir. 1996)
Martin V. Scott. 156 F.3d 578. 580 (5th cir. 1998)
No one of these Cases indicate that Solitary Confinement is the Same as Cell restriction. and Administrative Segregation.
Not one of the above Cases Claim that Disciplinary action taken against offenders with out a disciplinary hearing - is not a due process violation.

It is for these very reasons listed herein that the appellant prays this Court Reverse and remand the Case.

Respectfully submitted this date: 12-8-15
/s/ Richard James Johnson (805681

## CERTIFICATE OF SERVICE

I, RICHARD JAMES JOHNSON, APPELLANT, PRO SE DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING HAS BEEN SERVED ON OPPOSING COUNSEL, BY PLACING THE SAME IN THE U.S. MAIL, POSTAGE PREPAID, ON DECEMBER 8, 2015 ADDRESSED TO:

Heather Rhea
Harold J. Liller,
Attorney General
P.O. Box 12548 Capital Station
Austin, tx 78711

/S/ Richard James Johnson
Appellant Pro Se

CAUSE NO. V-101022-00-D

| | | |
|---|---|---|
| RICHARD JAMES JOHNSON,<br>TDCJ No. 1005689,<br>Plaintiff, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§<br>§ | POTTER COUNTY, TEXAS |
| MICHAEL VENABLE, *et al.*,<br>Defendants. | §<br>§<br>§ | 320th JUDICIAL DISTRICT |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is **Defendants' Motion for Summary Judgment**. After considering Defendants' motion, and any response filed thereto, the Court is of the opinion that the following order should issue:

It is hereby **ORDERED** that **Defendants' Motion for Summary Judgment** is **GRANTED**. All claims against Defendants are dismissed with prejudice as frivolous.

Signed on this ____9th____ day of ____Sept.____ 2015.

_____
JUDGE PRESIDING



FILED
CAROLINE WOODBURN
DISTRICT CLERK
2015 SEP 10 PM 1 27
POTTER COUNTY, TEXAS
BY _____ DEPUTY

**1450794**

Richard Johnson
1005689 J.V. Allred
2161 FM 369 North
Iowa Park. TX 76367



Clerk:
Court of Appeals
Seventh District of Texas
501 S. Fillmore, Suite 2-A
Amarillo. TX 79101-2449